McKinney, J.,
delivered the opinion of the Court.
This action was brought by the defendant in error against the plaintiffs in error,' in the Common Law Court of Memphis, under the act of 1851-2, ch. 17, which provides, “That when the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action *446 against the latter; if the former might have maintained an action had he lived, against the latter, for an injury caused by the same act or omission; and the amount recovered is to be for the exclusive benefit of the widow, and next of kin; to be distributed to them in the same proportions as the personal property of the deceased person.”
Stapleton, the deceased, came to his death, as is alleged, by the use of a poisonous liquid, called “ tincture of yellow jessamine,” sold to him by negligence and mistake of the clerk of the plaintiffs in error, (who were druggists and apothecaries in the city of Memphis,) as, and for “good whiskey.” He died leaving a widow and one infant child surviving him, for whose benefit this suit was brought by the administrator of his estate.
At the trial term, the plaintiff obtained leave of the Court to amend the summons and declaration, by striking out the words “for the use of the widow and child of the deceased,” and inserting instead thereof, the words, “for the use of the next of kin of the deceased,” omitting the widow.
And on the trial of the cause, the widow was examined as a witness on behalf of the plaintiff; having previously, in open Court, executed an instrument under seal, by which she purports to release, and does “release, relinquish, set over, and entirely renounce, all right, title, or claim,” she had, or might have, to any part of the damages or judgment that might be recovered in the pending suit, or in any other suit that might be brought for the recovery of damages against the defendants or either of them, for or on account of their con *447 nection with the transaction which caused the death of her husband.
Yerdict and judgment for §1500 00, were rendered in favor of the 'plaintiff; and the defendants prosecuted an appeal in error to this Court.
The general ground of error relied on is the admission of the widow as a witness in the case. In support of this objection, various considerations have been suggested.
It is assumed that, inasmuch as by the wrongful act of the defendants, the widow and child have been deprived of the means of support and maintenance, for which they were dependant on 'the deceased, the object and intention of the Legislature was to substitute the damages to be recovered for the wrong of the defendants, as a means, to some extent, of future support and maintenance for the widow and child; and that, consequently, from the very nature of the case, the widow cannot be allowed to release or transfer her interest in the damages to be recovered; because to do ■ so, would be to defeat the sole purpose of the law; and that the principle of policy which forbids1 the assignment of bounties and gratuities, conferred by the government on individuals, applies by analogy to this case. We do not concur in this reasoning. We perceive no sound principle upon which the- widow of the- deceased — she being sui juris — can be forced to accept, against her will, or be hindered from renouncing the benefit intended to be secured to her by the statute, so far as Tier own individual interest in the recovery is concerned.
It is said, in the next place, that the release was inoperative, because there was no present existing interest *448 in tbe widow upon which it could operate; that a mere contingent right to recover uncertain damages, in a.n action for a personal wrong, is not such an interest as can be either released or assigned.
It is certainly true that a claim arising out of a mere personal tort which dies with the party, and does not survive to his personal representative, is not recognized by law; and consequently is not the subject of a release or assignment. But, it is otherwise where, as in the present case, the right of action to recover damages for the wrong, survives to the personal representative. Here, by the express provision of the statute, the action is declared to exist in favor of the personal representative ; and the damages recovered are placed upon the same footing — as regards the fights of the widow and next of kin, respectively — as other personal property and assets of the deceased, and are to be distributed between them according to the statute of distribution. Such is the express provision of the statute.
By the provision that “the amount recovered is to be for the exclusive benefit of the widow and next of kin,” it was not meant that it should vest in them jointly; for this would be in direct opposition to the subsequent provision, that it should “be distributed to them in the same proportions as the personal property of the deceased person.” By that provision, it was merely intended to exclude all claim on the part of creditors of the deceased, to any part of the damages recovered.
But, it is supposed that, if the release can be held operative for any purpose, it would inure to the benefit of the defendants in the action, and not to the benefit *449 of tbe next of kin. In other words, that a release by tbe widow of ber interest in tbe damages to be recovered would have tbe effect, not to transfer sucb interest to tbe next of kin, but to diminish, to that extent, tbe damages to be recovered against tbe defendants. This position is plausible, but we are not prepared to admit that it is correct.
It would seem to follow, from tbe principles before stated, that tbe widow has an assignable interest in tbe recovery; and, if tbe release be framed with that view we perceive no sufficient reason why it should not be held operative to transfer ber interest to tbe remaining beneficiaries in tbe suit. ;
But no instruction to tbe jury was asked,' in respect to tbe effect of tbe release; nor does it appear from any thing in tbe record, bow tbe jury treated it; and, therefore, this question can scarcely be considered as properly arising upon tbe record.
Judgment affirmed.